# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12-cv-42-RJC

| | |
|---|---|
| **FREDERICK CANADY,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>)<br>) **ORDER**<br>) |
| **LAWRENCE PARSON, Assistant Superintendent, Lanesboro Correctional Institution, et al.,** | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. (Doc. No. 1). See 28 U.S.C. §§ 1915(e)(2); 1915A. The Court has granted Plaintiff leave to proceed in forma pauperis. (Doc. No. 3).

## I. BACKGROUND

Pro se Plaintiff Frederick Canady, a North Carolina state inmate currently incarcerated at Lanesboro Correctional Institution, filed this action on January 26, 2012, pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff names as Defendants Lawrence Parson, whom Plaintiff identifies as the Assistant Superintendent at Lanesboro; Jeffery E. Wall, whom Plaintiff identifies as a Unit Manager at Lanesboro; and Angie Rorie, identified as an Assistant Unit Manager at Lanesboro. Plaintiff alleges the following in the pro se Complaint:

> I requested evidence to be at my disciplinary hearing, about a matter that took place on 6-23-11, the evidence that I requested was the video footage and the pictures of the matter that happen on 6-23-11, I went to my disciplinary hearing on 11-14-11 at Lanesboro at 8:48 am, I was told by Mr. Edwards D. Little at Lanesboro at 8:48, the D.H.O. hearing officer, that Mr. Parson, Mr. Wall, Mrs. Rorie don't have the evidence of this matter, so I told him that I need my evidence

1

to show my case, that's my rights, so he said that he don't know what they done with the evidences, so I said they must had "destroyed" my evidence, to cover up what this officer done to me, Mr. Little also said he got a verbal statement from the three above employees, were that I requested my evidence, so if he can't get them that mean that the parties above have done obstructing justice. The grievance I sent in about this they didn't answer it that what I wrote on it.

(Doc. No. 1 at 4). For requested relief, Plaintiff seeks "To have justice done in this matter for there [sic] negligence and deliberate." (Id. at 4).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

Plaintiff appears to be alleging in the Complaint that his due process rights were violated because Defendants destroyed and/or did not allow him to use evidence at a disciplinary hearing. To establish a procedural due process claim under § 1983, a plaintiff must show that he (1) possessed an actual liberty interest, and (2) was deprived of that interest without being afforded

sufficient process.  See Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974).  A prisoner does not have a protected liberty interest in prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  See Sandin v. Conner, 515 U.S. 472, 486-87 (1995).  Misconduct violations that do not result in the loss of good time are generally not atypical and significant deprivations and therefore do not implicate due process.  See id.; see also Wilson-El v. Finnan, 544 F.3d 762, 764 (7th Cir. 2008) ("Not every prison disciplinary proceeding is capable of giving rise to a later case under 42 U.S.C. § 1983.  As the Supreme Court held in Sandin, if the prisoner wants to assert that a disciplinary proceeding violated his due process rights, he must first show that he is asserting a deprivation of life, liberty, or property.").  Here, Plaintiff has failed to state a due process claim, as he has failed to allege that he experienced a loss of good-time credits, or that he was subjected to a significant, atypical deprivation as a result of Defendants' alleged failure to allow him to present evidence at his disciplinary hearing and/or Defendants' alleged destruction of evidence.  Thus, Plaintiff's Complaint will be dismissed for failure to state a claim.

The Court further notes that Plaintiff filed his Complaint on a form used for actions brought under 42 U.S.C. § 1983.  In Section II of the form, titled "Previous In Forma Pauperis Lawsuits," Plaintiff asserts that, while incarcerated or detained in any facility, he has not filed a lawsuit in any federal court in which he was allowed to proceed in forma pauperis. (Doc. No. 1 at 2).  Plaintiff further asserts that he has had no cases dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  (Id.).  In fact, Plaintiff has filed at least ten actions in this Court, at least five of them have been dismissed for failure to state a claim, and Plaintiff was allowed to proceed in forma pauperis in all but one of

them.  See Canady v. Davis, 3:13cv302, Doc. No. 7 (denying in forma pauperis status under 28 U.S.C. 1915(g)'s three strikes rule).

Title 28 U.S.C. 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  As noted, at least five of Plaintiff's previous civil actions in this Court have been dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted.  See, e.g., Canady v. Johnson, 3:12cv209, Doc. No. 8; Canady v. Rorie, 3:12cv419, Doc. No. 5; Canady v. Williams, 3:13cv28, Doc. No. 9; Canady v. Buswell, 3:13cv250, Doc. No. 7; Canady v. Beaver, 3:13cv80, Doc. No. 8.  Although Plaintiff did not have three strikes when he filed this action, Plaintiff now appears subject to § 1915(g)'s bar to filing civil actions without prepayment of the filing fee, unless he can show that he is under imminent danger of serious physical injury.

### IV. CONCLUSION

For the reasons stated herein, Plaintiff's Complaint will be dismissed for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim.
2. The Clerk is directed to terminate this action.

Signed: December 3, 2013

Robert J. Conrad, Jr.
United States District Judge